IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                  No. 12-cr-10085-10-JTM
                                                                                  No. 17-cv-01176-JTM

DESMOND YANKEY,

    Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on defendant Desmond Yankey's motion under 28 U.S.C. § 2255 to vacate or correct his sentence. Dkt. 423. The motion alleges that defendant's revocation sentence was based on a finding that he committed a felony offense while on supervision, when it fact it was as a misdemeanor. Defendant claims his attorney provided ineffective assistance of counsel by failing to properly research this offense and by failing to properly advise him about it, leading to a sentence "that was many months longer than what it would have been had he pleaded not guilty." Dkt. 423 at 14. For the reasons stated herein, the motion is granted.

**I. Background**.

In 2013, defendant was found guilty by a jury of unlawful distribution of cocaine. He was sentenced by the Hon. Monti L. Belot to 27 months imprisonment, followed by three years of supervised release. Dkt. 326. The conviction was affirmed on appeal. Dkt. 341.

Defendant began supervised release on June 26, 2015. On April 5, 2017, he appeared before the court for a final revocation hearing, based on a Violation Report alleging three violations: (1) use of a controlled substance; (2) possession of a controlled substance; and (3) commission of a state or local crime, identified as "Larceny from a Building." Dkt. 393 at 3. The Report identified the latter as a Grade B violation and the first and second matters as Grade C violations. The Report noted that, based on a Grade B violation and a criminal history category of III, the guidelines suggested a custodial sentence of 8 to 14 months.

Defendant was represented at the April 5 revocation hearing by Asst. Federal Public Defender Steven K. Gradert. At the hearing, defendant admitted to the first two violations, but not to the third violation involving theft. Dkt. 409 at 5-8. The court subsequently found that the most serious violation was a Grade B, with a criminal history category of III, resulting in a policy statement range of 8 to 14 months. *Id*. at 10-11. The court noted defendant's extensive history of failed drug tests and imposed a sentence of 14 months imprisonment followed by one year of supervised release. Judgment was entered on April 6, 2017. Dkt. 401. As confirmed by the judgment, defendant was found guilty only on the two drug-related violations, both Grade C violations, and not the theft violation, which was the only violation identified in the Report as a Grade B violation.

The court held a second hearing on April 10, 2017, after defendant requested a furlough. At that hearing, Mr. Gradert informed the court he had mistakenly assumed the theft alleged in the Violation Report was a felony, but further investigation showed

2

it was a misdemeanor. He thus argued defendant's policy statement range should have been 5 to 11 months based on a Grade C rather than a Grade B violation. Dkt. 410 at 6. Counsel asked the court to correct the sentence under Rule 35(a) and to impose a sentence within the 5 to 11 month range. The Government took no position on the reduction. *Id.* at 10. The court concluded a reduction was appropriate in view of the misdemeanor charge and stated it would reduce the sentence to 9 months. *Id*. at 11.

A third hearing was held on April 25, 2017, during which the court stated that it had reviewed the Rule 35 question but found no authority allowing it to change the original sentence. It thus stated the original 14 month sentence would stand. Dkt. 411 at 3-4. Defense counsel argued that basing the sentence on a Grade B violation was a "clear error" within the meaning of the rule, while the Government argued Rule 35(a) did not allow the court to reconsider application of the sentencing guidelines. *Id*. at 14-15. The court stated that in view of defendant's conduct, the original 14-month sentence was fair and met the statutory factors. *Id*. at 16.

Defendant filed a direct appeal of the sentence but then voluntarily dismissed it. Dkt. 422. A few days later, he filed the instant § 2255 motion.[1] As indicated previously, defendant makes several allegations of ineffective assistance of counsel, including that counsel advised him to stipulate to a higher-severity violation than he committed, that counsel did not know the severity of the violation and did not properly investigate it, that counsel did not discuss the option of pleading not guilty to the alleged Grade B

---

[1] The motion indicates defendant dismissed the appeal due to "the time-sensitive nature of this case," and because counsel advised him the best way to proceed was by filing a § 2255. Dkt. 423 at 4.

3

violation, and that counsel advised him there was evidence to support a felony (Grade B) theft charge. Dkt. 423. Defendant argues he was prejudiced by counsel's performance, as shown by the fact the court would have reduced the sentence to 9 months had the issue been timely presented.

In response, the Government contends there is no evidence in the record that defense counsel failed to provide reasonably effective assistance, or that counsel's performance prejudiced the defendant. It argues that defendant's admissions at the revocation hearing show that he knowingly, freely and voluntarily admitted his guilt. Finally, it argues that defendant's sentence was reasonable, as it was within the statutory maximum and was based on the court's consideration of the statutory factors.

**II. Discussion.**

Section 2255 provides in part that a prisoner in custody under a federal sentence, who claims that the sentence was imposed in violation of the laws of the United States, or that the sentence is otherwise subject to collateral attack, may move for correction of the sentence. 28 U.S.C. § 2255(a). If the court finds that the sentence was not authorized by law or is otherwise open to collateral attack, the court shall set the judgment aside and grant appropriate relief, including correction of the sentence. § 2255(b).

With the benefit of hindsight, it is now clear that the original sentence resulted from two mistakes. One was the classification of the theft as a Grade B violation. The record shows defendant was charged with two misdemeanors as a result of the alleged theft, namely petit theft (Wichita Mun. Code 5.42.010(a)) and unlawful use of a financial card (Wichita Mun. Code 5.42.035(a)(1)). Dkt. 427 at 2-10. Both were punishable by

4

imprisonment for not more than one year, meaning they qualified as Grade C rather than Grade B violations under USSG § 7B1.1. Even if it is conceivable that defendant's conduct might have been charged as a felony,[2] the record indicates that by the time of the revocation hearing, defendant had been charged only with misdemeanor offenses. *See* Dkt. 409 at 9 (Government representing that a charge had been filed the day prior to the hearing); Dkt. 427 at 4 (noting city prosecutor agreed to charge defendant with theft and unlawful use of a financial card). The record thus shows that the alleged theft should have been a Grade C violation.

Hindsight also shows the court erred by considering the theft in determining the policy statement range. The record shows defendant admitted to the two drug violations — both Grade C violations — but did not admit to the theft violation, and the court accordingly found him guilty only of the two drug violations. Dkt. 401. Thus, regardless of whether the theft should have been classified as a Grade B or a Grade C violation, that violation was not adjudicated by the court, and the court should have found that Grade C represented the most serious violation committed by defendant. And in turn, the court should have started by considering a policy statement range of 5 to 11 months imprisonment rather than the 8 to 14 range actually considered by the court.

---

[2] The Government does not point to any felony provision that defendant's alleged conduct violated. The Violation Report itself refers to "Larceny from a Building," which apparently came from a police report (Dkt. 427 at 3), but it is unclear if there is any such felony provision. Like the Wichita code, Kansas statutes proscribe theft (K.S.A. § 21-5801) and criminal use of a financial card (K.S.A. § 21-5828), but both are classified as misdemeanors as long as the amount involved is less than $1,500 for the former and $1,000 for the latter. The record, including police reports, indicates that defendant's alleged theft involved less than $1,000, and was thus a misdemeanor.

5

Ineffective-assistance-of-counsel claims are analyzed under the two-part test of *Strickland v. Washington*, 466 U.S. 668 (1984). First, the defendant must show that his counsel's performance fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687–88. "This standard is extremely deferential and employs a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' " *United States v. Walton*, 2016 WL 4539941, at *2 (10th Cir. Aug. 30, 2016) (*citing Strickland*, 466 U.S. at 689). Second, the defendant must show that his counsel's deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 692. This means the defendant must show there is a reasonable probability that, but for his counsel's deficient performance, the result of the proceeding would have been different. *Id.* at 694.

It is debatable the extent to which the above mistakes can be said to be the product of a mistake by defense counsel, as opposed to an error by the court. But defendant has shown it was objectively unreasonable for counsel not to investigate whether the theft violation amounted to a Grade B or C violation (i.e., a felony or misdemeanor) prior to the revocation hearing, and also unreasonable not to advise defendant at that time about the nature and consequences of that categorization. Defendant thus satisfies the first part of the *Strickland* test. Defendant has also shown prejudice from the failure. The court's comments at the April 10, 2017 hearing show it would have imposed a 9-month custodial sentence had it realized at the outset that the theft was a Grade C rather than Grade B violation. Again, it is debatable whether defense counsel's role was the driving force behind this sentencing mistake, but

defendant has shown "a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different." *Lee v. United States*, 137 S.Ct. 1958, 1964 (2017) (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000)).

The Government argues, among other things, that defendant's claim is procedurally defaulted, because he failed to pursue it on direct appeal. Dkt. 428 at 4-5, citing *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994) ("Section 2255 motions are not available to test the legality of matters which should have been raised on direct appeal."). That might be true with respect to the court's error in imposing the sentence – a matter that could have been corrected on direct appeal – but it is not so with respect to defendant's claim of ineffective assistance of counsel. *See United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 19950 (*en banc*) (allegations of ineffective assistance of counsel should be raised in a § 2255 proceeding rather than on direct appeal). Defendant has not defaulted insofar as his claim is based on ineffective assistance of counsel.

Because all of the material facts, including the appropriate relief, are established by the record of the case, the court concludes that an evidentiary hearing is not required and that the motion should be granted based on the facts in the record. The court further concludes that defendant is entitled to correction of his sentence, with the sentence to conform to the 9-month sentence the court stated it intended to impose at the April 10, 2017 hearing.

**IT IS THEREFORE ORDERED** this 28th day of September, 2017, that defendant Desmond Yankey's Motion to Correct Sentence under 28 U.S.C. § 2255 (Dkt. 423) is GRANTED. The court determines that the revocation sentence and judgment

7

previously entered (Dkt. 401) should be, and are hereby, corrected to reflect that defendant is committed to the custody of the Bureau of Prisons for a term of 9 months rather than 14 months. All other terms and conditions of the judgment previously entered, including a term of supervised release of 1 year following defendant's release from imprisonment, shall remain the same. The court directs the U.S. Probation Office to prepare an amended judgment reflecting the court's correction of the sentence.

Defendant's Motion for Status (Dkt. 430) is DENIED as moot. Defendant's Motion to Appoint Counsel (Dkt. 424) is DENIED as moot.

___s/ J. Thomas Marten_____
J. THOMAS MARTEN, JUDGE
